*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LONNIE BRIDGES,

        Plaintiff-Appellee,

v

GEICO CASUALTY COMPANY,

        Defendant-Appellant,

and

STATE FARM AUTOMOBILE INSURANCE
COMPANY and MICHIGAN ASSIGNED
CLAIMS PLAN,

        Defendants.

UNPUBLISHED
October 17, 2019

No. 342942
Wayne Circuit Court
LC No. 16-011077-NF

Before: METER, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff purchased an automobile insurance policy from a company that is neither authorized nor licensed to do business in Michigan. After he was involved in an automobile accident in Michigan, plaintiff sued to collect Michigan no-fault benefits, despite the fact that his out-of-state insurance policy did not provide for the payment of such benefits. Because the trial court erroneously denied its motion for summary disposition, we reverse and remand for entry of summary disposition in favor of defendant GEICO Casualty Company.

## I. BACKGROUND

Plaintiff was involved in an automobile accident in Michigan on September 10, 2015. At the time of the accident, plaintiff held an "Indiana Family Automobile Insurance Policy." The policy was issued in Indiana and did not include a provision for the payment of Michigan no-fault benefits.

-1-

Approximately one year before the accident, plaintiff was living with his fiancé, Shalonda Ziegler, in Clinton Township, Michigan. Ziegler owned the house where she and plaintiff lived, but sold it when she obtained new employment in Indiana. Shortly after selling her home, Ziegler moved into an apartment in Indianapolis, Indiana. Plaintiff did not immediately follow Ziegler to Indiana. Instead, plaintiff lived with his mother at an address on Stoepel Street in Detroit, Michigan, from Monday through Friday, and visited Ziegler on the weekends. Plaintiff argues that he decided to move to Indianapolis in June 2015, but he admits that he continued to work fulltime in Michigan and stayed with his mother in Detroit Monday through Friday. Plaintiff continued to drive to Indianapolis on the weekends unless he worked overtime on Saturday or Sunday.

The crash report from the automobile accident stated that plaintiff was a resident of Detroit, Michigan and that he held an insurance policy with "GEICO." On the date of the accident, plaintiff was working fulltime at a business in Auburn Hills, Michigan, and he held a Michigan driver's license. Plaintiff's address listed on the crash report was his mother's address in Detroit.

After the accident, plaintiff filed an insurance claim with GEICO for personal-injury-protection (PIP) benefits under Michigan's no-fault act, MCL 500.3101 *et seq*. Plaintiff listed his mother's home in Detroit as his address on his application for no-fault benefits. GEICO denied plaintiff's claim for PIP benefits because plaintiff's insurance policy was an Indiana policy that did not provide for Michigan no-fault benefits. Plaintiff then filed an insurance claim for PIP benefits with State Farm Automobile Insurance, which insured the other driver involved in the automobile accident. State Farm denied the claim because plaintiff was insured at the time of the accident and State Farm had never insured either plaintiff or any of his family members.

Plaintiff filed this lawsuit against GEICO General Insurance Company (GEICO General), State Farm, and the Michigan Assigned Claims Plan (MACP). In his complaint, plaintiff alleged that he was a resident of Detroit and that he was entitled to Michigan no-fault benefits. The trial court entered stipulated orders dismissing both State Farm and the MACP from this case, and they are not parties to this appeal.

GEICO Casualty Company (GEICO Casualty) filed an answer to plaintiff's lawsuit, stating that plaintiff incorrectly identified GEICO General, rather than GEICO Casualty, as defendant.[1] GEICO Casualty then moved for summary disposition of plaintiff's claims under MCR 2.116(C)(8) and (10), arguing that there was no question of fact that it was plaintiff's only insurer on the date of the automobile accident and that plaintiff was not entitled to Michigan no-fault benefits because GEICO Casualty is neither authorized nor licensed to do business in Michigan and has not filed a certification under MCL 500.3163. GEICO Casualty also argued that plaintiff violated the fraud and misrepresentation provision of his Indiana insurance policy by claiming that he was living in Indiana when he was actually domiciled in Michigan. Finally, GEICO Casualty argued that plaintiff was not entitled to Michigan no-fault benefits because his

---

[1] GEICO General did not file an answer to plaintiff's complaint.

-2-

insurance policy does not provide for Michigan no-fault benefits and because plaintiff was a resident of Michigan. The trial court denied GEICO Casualty's motion for summary disposition, holding that there were questions of fact regarding whether GEICO Casualty was plaintiff's insurer and whether plaintiff was a resident of Michigan on the date of the accident. GEICO Casualty appeals as on leave granted the trial court's order denying its motion for summary disposition. See *Bridges v Geico Casualty*, unpublished order of the Court of Appeals, entered August 9, 2018 (Docket No. 342942).

## II. ANALYSIS

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). Defendant moved for summary disposition under MCR 2.116(C)(8) and (10). Because the trial court did not specify whether it denied defendant's motion under MCR 2.116(C)(8) or (10), this Court must treat defendant's motion as having been decided under MCR 2.116(C)(10), to the extent the trial court considered evidence beyond the pleadings. *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 544; 904 NW2d 192 (2017). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, __ Mich __, __; __ NW2d __ (2019) (Docket No. 157846); slip op at 6. Summary disposition is only appropriate when there is no genuine issue of material fact. *Id*. This Court also reviews de novo questions of statutory interpretation and the proper interpretation of a contract. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018).

Insurers authorized to transact automobile-liability insurance, personal-protection insurance, and property-protection insurance in Michigan are governed by MCL 500.3163. Although the statute has been recently amended by 2019 PA 21, the former version of the statute applies in this case. The former version of the statute provided:

> (1) An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, is subject to the personal and property protection insurance system under this act.

> (2) A nonadmitted insurer may voluntarily file the certification described in subsection (1).

> (3) Except as otherwise provided in subsection (4), if a certification filed under subsection (1) or (2) applies to accidental bodily injury or property damage, the insurer and its insureds with respect to that injury or damage have the rights and immunities under this act for personal and property protection insureds, and claimants have the rights and benefits of personal and property protection insurance claimants, including the right to receive benefits from the electing insurer as if it were an insurer of personal and property protection insurance applicable to the accidental bodily injury or property damage.

(4) If an insurer of an out-of-state resident is required to provide benefits under subsections (1) to (3) to that out-of-state resident for accidental bodily injury for an accident in which the out-of-state resident was not an occupant of a motor vehicle registered in this state, the insurer is only liable for the amount of ultimate loss sustained up to $500,000.00. Benefits under this subsection are not recoverable to the extent that benefits covering the same loss are available from other sources, regardless of the nature or number of benefit sources available and regardless of the nature or form of the benefits.

To obtain Michigan no-fault benefits under the former version of MCL 500.3163, a plaintiff must demonstrate that he is an "out-of-state resident" and that his insurance carrier is certified with the state of Michigan. *Tienda v Integon Nat'l Ins Co*, 300 Mich App 605, 614; 834 NW2d 908 (2013).

GEICO Casualty first argues that the trial court erroneously denied its motion for summary disposition because plaintiff's insurance contract unambiguously states that GEICO Casualty was plaintiff's only insurer on the date of the accident, and it is not certified to conduct business in the State of Michigan. Therefore, GEICO Casualty argues that plaintiff is not entitled to no-fault benefits.

It is undisputed that plaintiff's out-of-state insurance policy does not provide for Michigan no-fault benefits, and that GEICO Casualty is not certified with the state of Michigan under the former version of MCL 500.3163. Plaintiff argues that he is entitled to Michigan no-fault benefits, nonetheless, because he was insured not only by GEICO Casualty, but by three additional GEICO entities, including two companies that are certified under the former version of MCL 500.3163. Thus, the relevant question is whether the cover page and signature page of plaintiff's insurance contract, which included a list of the four GEICO companies, created an ambiguity with regard to which GEICO entity insured plaintiff on the date of the accident.

An insurance policy is subject to the same principles of contract interpretation applicable to any other type of contract. *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). Furthermore, "a court must construe and apply unambiguous contract provisions as written." *Id*. A contract is ambiguous and will be construed against the drafter when "a fair reading of the entire contract of insurance leads one to understand that there is coverage under particular circumstances and another fair reading of it leads one to understand there is no coverage under the same circumstances." *Farm Bureau Mut Ins Co of Mich*, 460 Mich at 566-567 (cleaned up). "[C]ourts cannot simply ignore portions of a contract in order to avoid a finding of ambiguity or in order to declare an ambiguity." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003).

The first page of plaintiff's insurance contract is the declarations page, which includes a general description of plaintiff's out-of-state insurance policy. In the top left corner of the declarations page is the GEICO logo. GEICO Casualty is listed directly under the GEICO logo, and no other GEICO entity is listed on the declarations page. After the declarations page is the cover page of the policy, which is the purported source of ambiguity. The GEICO logo is located at the top of the cover page. In the center of the cover page is the title of plaintiff's insurance policy, "Indiana Family Automobile Insurance Policy." Under the title of plaintiff's

insurance policy is a list of four separate GEICO insurance companies: GEICO, GEICO General, GEICO Indemnity Company (GEICO Indemnity), and GEICO Casualty. This list is included again at the end of the "amendments and endorsements" section of plaintiff's insurance contract. Plaintiff claims that this list makes it impossible "to separate one GEICO [company] from" any other GEICO company. In response, GEICO Casualty argues that plaintiff's insurance contract was clear that it was plaintiff's only insurer despite the list of GEICO affiliates on the cover page and the signature page.

This Court must read insurance contracts "*as a whole* to effectuate the intent of the parties." *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 444; 761 NW2d 846 (2008) (emphasis added). Other than the referenced list on the cover page and signature page, GEICO Casualty is the only named insurer throughout plaintiff's insurance contract. Moreover, the referenced list of GEICO companies is simply a list of affiliated companies. There is no indication on that document that a contractual relationship exists between plaintiff and the companies listed on the cover page and signature page. A fair reading of plaintiff's entire insurance contract does not result in conflicting interpretations with regard to plaintiff's actual insurer on the date of the accident, and therefore, the insurance contract must be enforced as written. The plain language of plaintiff's insurance contract unambiguously demonstrates that GEICO Casualty was plaintiff's sole insurer on the date of the accident.

Furthermore, the fact that GEICO Casualty is part of the same family of insurance companies as GEICO General and GEICO Indemnity, which are certified in Michigan, is immaterial. Absent an abuse of corporate form, parent and subsidiary corporations are presumed to be separate and distinct entities. *Green v Ziegelman*, 310 Mich App 436, 451; 873 NW2d 794 (2015) (cleaned up). Plaintiff does not claim that an abuse of corporate form has occurred, and therefore, each GEICO-related entity must be treated as a separate corporate entity. Accordingly, plaintiff was not insured by all four separate GEICO companies, but by GEICO Casualty.

Having determined that there is no question of fact that plaintiff did not hold an insurance policy with a certified insurance provider, it is unnecessary to address defendant's argument regarding whether plaintiff was a nonresident of Michigan. The former version of MCL 500.3163 only imposes liability on insurance providers that maintain a written certification in Michigan. *Tienda*, 300 Mich App at 614.

Reversed and remanded for entry of summary disposition in favor of GEICO Casualty. Having prevailed in full, GEICO Casualty may tax costs under MCR 7.219(F). We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle